NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11790

COMMONWEALTH  vs.  DOUGLAS DOSSANTOS.

Middlesex.     March 2, 2015. - July 1, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.

Domestic Violence Record Keeping System.

Complaint received and sworn to in the Framingham Division
of the District Court Department on August 25, 2014.

A question of law was reported to the Appeals Court by
Douglas W. Stoddart, J.

The Supreme Judicial Court granted an application for
direct appellate review.

Alexandra H. Deal for the defendant.
Melissa Weisgold Johnsen, Assistant District Attorney
(Laura G. Montes, Assistant District Attorney, with her) for the
Commonwealth.

BOTSFORD, J.  In this case, we consider a report of a

District Court judge pursuant to Mass. R. Crim. P. 34, as

amended, 442 Mass. 1501 (2004),[1] concerning G. L. c. 276, § 56A

(§ 56A), a statute enacted in 2014 as one component of a

comprehensive package of legislation entitled, "An Act relative

to domestic violence."  See St. 2014, c. 260, § 30.  Section

§ 56A requires that in every case in which a person is arrested

and charged with a crime against the person or property, if the

Commonwealth alleges that domestic abuse occurred "immediately

prior to or in conjunction with" the charged crime, the

Commonwealth is to file a written statement that it does so

allege, the judge is to make a written ruling that the

Commonwealth does so allege, and the Commonwealth's written

statement is then to be entered into the Statewide domestic

violence record keeping system (DVRS).  For the reasons we

discuss hereafter, we interpret § 56A to mean that before a

judge makes a "written ruling that abuse is alleged in

connection with the charged offense," the judge must inquire

into and be satisfied that there is an adequate factual basis

---

[1] Rule 34 of the Massachusetts Rules of Criminal Procedure,
as amended, 442 Mass. 1501 (2004), provides:

"If, prior to trial, or, with the consent of the
defendant, after conviction of the defendant, a question of
law arises which the trial judge determines is so important
or doubtful as to require the decision of the Appeals
Court, the judge may report the case so far as necessary to
present the question of law arising therein.  If the case
is reported prior to trial, the case shall be continued for
trial to await the decision of the Appeals Court."

for the allegations of abuse made by the Commonwealth.  In light of our construction of the statute's terms, we do not reach the constitutional claims raised by the judge's report and the defendant.

Background.  Framingham police officers arrested the defendant, Douglas Dossantos, on August 24, 2014.  According to the police report, the defendant, who was trying to retrieve personal belongings from his wife's house, attempted to enter the house by pushing an air conditioning unit in through a window.  When the defendant's wife saw the defendant at the window, she let him inside the house; as the defendant entered, he pushed her aside, causing her to lose her balance but causing no physical injury.  A criminal complaint issued from the Framingham Division of the District Court Department charging the defendant with one count of assault and battery on a family or household member in violation of G. L. c. 265, § 13M (a).[2]

Upon arraignment, a District Court judge released the defendant on conditions.[3]  Prior to the defendant's release, the

---

[2] General Laws c. 265, § 13M (a), provides:  "Whoever commits an assault or assault and battery on a family or household member shall be punished" by a fine, imprisonment, or both.

[3] The conditions included requirements that the defendant stay thirty yards away from his wife and her residence; he communicate with his wife only by telephone, electronic mail, or text messaging; and he undergo an evaluation by a health care professional who was to file a written opinion with the court

Commonwealth submitted a preliminary written statement pursuant
to § 56A, alleging that domestic abuse occurred immediately
prior to or in conjunction with the defendant's charged offense.
The judge declined to make a "written ruling that [domestic]
abuse is alleged in connection with the charged offense," see
§ 56A, but instead reported the case to the Appeals Court
pursuant to Mass. R. Crim. P. 34.  In his report, the judge
opined that § 56A in part violated the defendant's
constitutional guarantee of due process, and suggested that the
statute may violate the separation of powers guarantee of art.
30 of the Massachusetts Declaration of Rights by interfering
with the judicial function.  The case was entered in the Appeals
Court, and we granted the defendant's application for direct
appellate review.

Discussion.  Section 56A, the text of which is quoted in
the margin,[4] provides that before a judge releases, discharges,

---

regarding the defendant's "anger issues."  One day after
imposing these conditions, the judge terminated the stay-away
and no-contact conditions of the defendant's release upon a
motion filed by the defendant's wife requesting termination of
these conditions so that she and the defendant could attend
marital counselling together.

[4] General Laws c. 276, § 56A (§ 56A), provides:

"Before a judge of the superior court, district court
or Boston municipal court releases, discharges or admits to
bail any person arrested and charged with a crime against
the person or property of another, the judicial officer
shall inquire of the commonwealth as to whether abuse, as

or admits to bail a person charged with any crime "against the person or property of another," the judge must ask the prosecutor whether the Commonwealth alleges that domestic abuse "occurred immediately prior to or in conjunction with the crime for which the person was arrested and charged."  If the

---

defined in [G. L. c. 209A, § 1], is alleged to have occurred immediately prior to or in conjunction with the crime for which the person was arrested and charged.  The commonwealth shall file a preliminary written statement if it is alleged that abuse has so occurred.  The judicial officer shall make a written ruling that abuse is alleged in connection with the charged offense.  Such preliminary written statement shall be maintained within the statewide domestic violence record keeping system [(DVRS)].  Such preliminary written statement shall not be considered criminal offender record information or public records and shall not be open for public inspection.  Such preliminary written statement shall not be admissible in any investigation or proceeding before a grand jury or court of the commonwealth related to the crime for which the person was brought before the court.

"If the defendant has been found not guilty by the court or jury, or a no bill has been returned by the grand jury or a finding of no probable cause has been made by the court, the court shall remove the preliminary written statement from the statewide [DVRS]; provided however, that a dismissal shall not be eligible for removal from the statewide [DVRS].

"Nothing in this section shall be construed as modifying or limiting the presumption of innocence."

The word "abuse," appearing in the first paragraph of § 56A, is defined in G. L. c. 209A, § 1, as "the occurrence of one or more of the following acts between family or household members:  (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress."

Commonwealth alleges that domestic abuse occurred, the prosecutor must file a "preliminary written statement," and the judge must then "make a written ruling that abuse is alleged in connection with the charged offense." Id. This preliminary written statement is to be maintained in the DVRS, but it is not considered a public record or criminal offender record information, and is not available for public inspection. Id.

Section 56A also provides that if the crime that triggered the Commonwealth's preliminary written statement of abuse is ultimately disposed of by (1) a finding of not guilty, (2) a "no bill" returned by the grand jury, or (3) a finding of no probable cause by the court, the preliminary written statement is to be removed from the DVRS. In the event of a dismissal of the charge, however, the statement of abuse is not "eligible for removal" from the DVRS. Id.

The DVRS is a registry of sorts, established by the commissioner of probation pursuant to a statutory directive originally enacted in 1992, and includes, among others, records of the issuance of and any violations of criminal or civil restraining or protective orders. St. 1992, c. 188, § 7.[5] See

_____

[5] The relevant part of St. 1992, c. 188, § 7, provides as follows:

"The commissioner of probation is hereby authorized and directed to develop and implement a statewide [DVRS] . . . . Said [DVRS] shall include a computerized record of

Vaccaro v. Vaccaro, 425 Mass. 153, 155 (1997).  Records in the

DVRS are available only to law enforcement and "judges

considering petitions or complaints" for restraining and

protective orders.  See St. 1992, c. 188, § 7.

Consistent with the reporting judge's view, the defendant

contends that § 56A requires a judge automatically to affirm the

Commonwealth's allegation of domestic abuse and cause the

allegation to be recorded in the DVRS, and that this requirement

for judicial rubber stamping of the prosecutor's abuse

allegation violates his right to due process.  Also consistent

with the reporting judge, the defendant further asserts that

this mandate of § 56A contravenes art. 30 by dictating that the

executive branch usurp the fact-finding authority of the

judiciary.  We consider the defendant's arguments in turn.

1.  Due process.  The defendant, citing Mathews v.

Eldridge, 424 U.S. 319, 335 (1976), contends that § 56A offends

---

the issuance of or violations of any protective orders or
restraining orders issued pursuant to [G. L. c. 208, §§ 18,
34B; G. L. c. 209, § 32], civil restraining orders or
protective orders issued pursuant to [G. L. c. 209A] or any
violations of [G. L. c. 209A], or [G. L. c. 209C, §§ 15,
20].  Further, said computerized [DVRS] shall include the
information contained in the court activity record
information system maintained by the office of said
commissioner.  The information contained in said [DVRS]
shall be made available to judges considering petitions or
complaints pursuant to [G. L. c. 208, §§ 18, 34B; G. L.
c. 209, § 32; G. L. c. 209A; and G. L. c. 209C, §§ 15, 20].
Further, the information contained in said [DVRS] shall be
made available to law enforcement agencies."

due process because, as he construes the statute, a judge must simply affirm the Commonwealth's allegation of domestic abuse in writing without making any independent determination whether the allegation has any validity, and must then cause the allegation of abuse to be entered into the DVRS -- with the consequence, he argues, that thereafter the defendant is labeled as an "abuser" in the "eyes of the State," and his "rights in a host of arenas in which the [DVRS] plays a role" are compromised.  In the defendant's view, due process requirements demand that the judge play a meaningful role in assessing the substance of the Commonwealth's allegation of domestic abuse.  The thrust of the Commonwealth's response is that a judge, in making a "ruling" under § 56A that the Commonwealth alleges that domestic abuse occurred in connection with the charged offense, is performing purely a record-keeping function that does not implicate a liberty interest or indeed any protectable interest of a defendant, and therefore does not raise any due process concerns.

We disagree with the Commonwealth that § 56A is simply a record-keeping mechanism that has no consequences for the defendant.  As the defendant notes, there are various legal proceedings in which a judge may rely on the Commonwealth's written statement of abuse allegation, entered into the DVRS pursuant to § 56A.  See, e.g., G. L. c. 208, § 34D (judge

considering request for restraining order or order for spouse to vacate marital home must search DVRS to determine whether defendant has history of domestic abuse).[6]  However, we need not reach the claim that § 56A violates constitutional due process guarantees because we interpret the statute's language to require, in a case in which § 56A comes into play, that before making the statutorily-mandated "ruling," the judge must conduct a preliminary inquiry to determine that the Commonwealth's allegation of domestic abuse has sufficient factual support to warrant its entry into the DVRS for reference and use in later proceedings.  Cf. Commonwealth v. Disler, 451 Mass. 216, 228 (2008), quoting Staman v. Assessors of Chatham, 351 Mass. 479, 487 (1966) ("Doubts as to a statute's constitutionality 'should be avoided if reasonable principles of interpretation permit doing so'").

The judge's report focuses on the first four sentences of § 56A:

> "[1] Before a judge . . . releases, discharges or admits to bail any person arrested and charged with a crime against the person or property of another, the judicial officer shall inquire of the commonwealth as to whether abuse . . . is alleged to have occurred immediately prior to or in conjunction with the crime for which the person was arrested and charged.  [2] The commonwealth shall file a preliminary written statement if it is alleged that abuse has so occurred.  [3] The judicial officer shall make a

---

[6] See also G. L. c. 209, § 32; G. L. c. 209A, § 7; G. L. c. 209C, § 15.

> written ruling that abuse is alleged in connection with the charged offense.  [4] Such preliminary written statement shall be maintained within the [DVRS]."[7]

In seeking to interpret these sentences, we follow the familiar rule that a statute is to be construed "so that effect is given to all its provisions, so that no part will be inoperative or superfluous" (quotations and citation omitted).  Wolfe v. Gormally, 440 Mass. 699, 704 (2004).  If the third sentence of the statute means only that, where the Commonwealth answers "yes" to the judge's question whether abuse is alleged to have occurred in connection with the charged offense and the Commonwealth files a written statement so stating, the judge is then required by the statute to "rule" that abuse is alleged to have occurred, the third sentence, in terms of substance, would indeed be superfluous.  That is, the second sentence directs the Commonwealth, where it alleges that abuse occurred in connection with the charged crime, to file a "preliminary written statement" so stating, and the fourth sentence directs that the Commonwealth's "preliminary written statement" be maintained within the DVRS.  A written "ruling" by the judge acknowledging

---

[7] Although the statute makes reference to a "judge" as well as a "judicial officer," we interpret both terms to refer to a judge, and in this opinion use only the term "judge" for ease of reference.  Furthermore, we read the phrase "in connection with the charged offense" in the third sentence of § 56A as legislative shorthand that functions as the equivalent of the phrase, "immediately prior to or in conjunction with the crime for which the person was arrested and charged" that appears in the statute's first sentence.

that, just as its preliminary written statement states, the Commonwealth alleges abuse has occurred is essentially a formal gesture that adds nothing material to the equation.

Moreover, interpreting § 56A as giving the judge simply the ministerial role of confirming that the Commonwealth states it has alleged abuse would strip the word or term "ruling" of its typical significance. "Ruling," when used in connection with a court or judge, generally connotes an act involving judgment, and signifies more than the act of signing a preliminary written statement prepared by a prosecutor. See Black's Law Dictionary 1533 (10th ed. 2014), quoting R.E. Keeton, Judging 67-68 (1990) (defining "ruling" as "outcome of a court's decision either on some point of law or on the case as a whole," and noting that "in common usage 'legal ruling' [or simply 'ruling'] is a term ordinarily used to signify the outcome of applying a legal test when that outcome is one of relatively narrow impact"). Cf., e.g., Commonwealth v. Spagnolo, 17 Mass. App. Ct. 516, 517 (1984) (discussing standard of review of ruling on motion to suppress, and implying judge's "ruling" involves exercise of judgment).

To give meaning to the reference to the judge's "ruling" -- and more particularly the statute's phrase, "a written ruling that abuse is alleged in connection with the charged offense" in the third sentence of § 56A -- it is appropriate to interpret

the sentence to incorporate a requirement that the judge be satisfied that there is an adequate factual basis underlying the Commonwealth's allegation of abuse before making the ruling. Determining whether there is an adequate factual basis does not mean that the judge must determine that there is probable cause to believe that abuse occurred in connection with the charged offense. As is made plain by the second paragraph of § 56A, which requires the removal of an abuse allegation that is being maintained on the DVRS if "a finding of no probable cause has been made by the court," the Legislature clearly knew how to reference a probable cause standard, and chose not to do so in defining the judge's role in connection with the initial placement of an abuse allegation statement in the DVRS. See, e.g., Nguyen v. William Joiner Ctr. for the Study of War & Social Consequences, 450 Mass. 291, 301 (2007) ("Because the Legislature knew how to reference employees specifically when it wanted to, its use of the words 'any person' in [the provision of the statute at issue] cannot reasonably be construed to include prospective employees").

Rather, the judge must undertake an inquiry sufficient to determine that the alleged facts supporting the Commonwealth's proffered allegation of abuse, if deemed credible by a fact finder, would be sufficient to warrant or justify a finding of "abuse," as the term is defined in G. L. c. 209A, § 1. More

specifically, the judge must review information concerning the abuse allegation proffered by the Commonwealth -- which is likely to consist of a police report, but might include other material -- and then decide whether this information, assuming its credibility, would support a finding of "abuse."[8]  To accomplish this task, the judge is not required to take evidence or hold a separate hearing; presumably, the inquiry we describe here will be undertaken at the time of arraignment in conjunction with the judge's bail determination, as § 56A clearly appears to contemplate.  See § 56A, first par.  In addition, although § 56A requires the judge's "ruling that abuse is alleged in connection with the charged offense" to be in writing, the judge's determination of an adequate factual basis for the Commonwealth's allegation of abuse need not take the form of separate written findings.  It must be clear from the record, however, that the judge did determine that a sufficient factual basis supporting the Commonwealth's allegation of abuse exists.

2.  <u>Separation of powers</u>.  Our conclusion that § 56A requires a judge to make an independent determination that the

---

[8] It bears emphasis that the judge's task under § 56A is not to make a finding whether the allegation of abuse proffered by the Commonwealth is credible, but to assume the credibility of supporting alleged facts; the sole issue is the sufficiency of the presumed-credible facts to show abuse as statutorily defined.

case record provides an adequate factual basis to support an allegation of domestic abuse obviates the need to consider the argument -- made explicitly by the defendant and implicitly in the judge's report -- that § 56A violates art. 30 by permitting the executive branch to usurp and thereby interfere with the judiciary's "core" function of fact finding.

3. <u>Conclusion</u>. We respond to the judge's report as follows:  G. L. c. 276, §  56A, first par., requires that before making "a written ruling that abuse is alleged in connection with the charged offense," a judge must first inquire into and be satisfied that there is an adequate factual basis for the Commonwealth's allegation of abuse.  In view of this response, we decline to consider the constitutional questions contained in the report.

<u>So ordered</u>.