NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1607                                          Appeals Court

J.S.H.  vs.  J.S.


No. 15-P-1607.

Middlesex.     December 14, 2016. - March 1, 2017.

Present:  Meade, Henry, & Lemire, JJ.


Civil Harassment.  Harassment Prevention.  Protective Order.
     Fraud.  Practice, Civil, Fraud.



     Complaint for protection from harassment filed in the
Concord Division of the District Court Department on March 14,
2014.

     A motion to expunge a harassment prevention order issued
pursuant to G. L. c. 258E was heard by David E Frank, J.


     Dana Alan Curhan for the defendant.
     J. Daniel Silverman for the plaintiff.


     LEMIRE, J.  The defendant appeals from the denial of a

motion to expunge a G. L. c. 258E harassment prevention order.

The defendant claims that the c. 258E order was improperly

issued and obtained through fraud on the court.  We hold that,

as in the context of G. L. c. 209A, expungement of a c. 258E

order is available only in the rare and limited circumstance where it was obtained through fraud on the court, and that the judge did not err in concluding the defendant failed to satisfy that standard.

Background.  The c. 258E order arose from a dispute between the plaintiff, the founding president and executive director of a religious-based nonprofit organization that runs a support group for women exposed to domestic violence, and the defendant, the husband of one of the women the plaintiff was counseling. On March 14, 2014, the plaintiff filed against the defendant a complaint for protection from harassment pursuant to c. 258E, which included a supporting affidavit.[1]  In her affidavit, the

---

[1] The plaintiff's affidavit stated the following:

"On or about Feb. 27, 2014, the Defendant wrote a letter to a member of the board of . . . []The Domestic Violence organization in which I serve as President[] discrediting . . . [it] and asking their help.  [The defendant's] wife attends [the organization's] support group for Domestic Violence.  [The defendant] in some round about way discovered her participation.  Also included in the letter were [the reverend of the church] (this church provides financial support to [the organization]) and to [another reverend, who is], the pastor of a church, teacher at seminary and Board Member.  I was leading a support group when I learned of the letter.  I immediately called [the] Police to request a police presence in the parking lot.  Nothing happened until the next week when I started getting harassing emails once or twice a day.  The emails attack me and the . . . [o]rganization, and have gotten more severe as time has progressed.  During our next support group meeting I was afraid and asked two men to watch the parking lot for [the defendant].  I gave them make [and] model of his car along with license plate

plaintiff claimed that the defendant had sent to a board member of the organization a letter dated February 27, 2014, discrediting the organization, and had sent her multiple harassing electronic mail messages (e-mails) attacking her and her organization's work.  She also claimed that the defendant had been in the parking lot of the church where the support group meeting was taking place.  The plaintiff did not submit the February 27, 2014, letter or any of the e-mails with the affidavit.  Following an ex parte hearing on the same day, a judge granted the c. 258E order with an expiration date of March 25, 2014.  On the day the c. 258E order was to expire, a contested hearing was held at which the plaintiff sought to extend the order.  During the hearing, the plaintiff submitted the February 27, 2014, letter and two e-mails that the defendant had written and sent to the organization.  Following the hearing, the judge declined to extend the order, and it was "terminated."[2]

Nearly a year later on February 17, 2015, the defendant filed a motion to expunge all records of the c. 258E order.  The

_____

number.  They came in to let me know [the defendant] was driving through the parking lot.  The escalation makes me afraid as well as the individual Actions."

[2] In the context of c. 209A and c. 258E orders, trial courts have used "vacated" and "terminated" interchangeably.  As of September of 2011, trial court forms for c. 209A and c. 258E orders use "terminated."  See Guidelines for Judicial Practice: Abuse Prevention Proceedings § 1:00, at 8-9 (Sept. 2011).

defendant claimed that the plaintiff committed a fraud on the court in her affidavit submitted in support of the ex parte order when she stated that the defendant's emails were harassing and were sent directly to her.  Following a hearing on the motion, a second judge denied the motion to expunge.  The defendant timely appealed.

Discussion.  1.  Statutory framework.  We begin by briefly analyzing the statutory structure of harassment prevention orders.  In 2010, pursuant to St. 2010, c. 23, "[c.] 258E was enacted . . . to allow individuals to obtain civil restraining orders."  O'Brien v. Borowski, 461 Mass. 415, 419 (2012).  The law was intended to protect victims of "harassment," as that term is defined by § 1, who could not legally seek protective orders under G. L. c. 209A due to the lack of familial or romantic relationship with the perpetrator.  Ibid.  Because of its origin and purpose, much of the language in c. 258E is analogous to the language found in c. 209A.  In fact, the Supreme Judicial Court has repeatedly cited case law interpreting c. 209A orders when analyzing analogous issues in the context of c. 258E orders.  See id. at 417-418 (applying case law interpreting c. 209A orders in holding c. 258E orders should be appealed directly to Appeals Court); Seney v. Morhy, 467 Mass. 58, 62 (2014) (applying case law interpreting c. 209A orders in analyzing whether appeal of expired c. 258E order is

moot). This court also has cited the Guidelines for Judicial Practice: Abuse Prevention Proceedings (Guidelines), which addresses c. 209A, as an authoritative source for proceedings and orders pursuant to c. 258E. See F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 601 n.14 (2015) ("[W]e see no reason why the Guidelines . . . should not apply equally in [c. 258E] harassment order proceedings, absent some issue particular to harassment orders [under c. 258E]"). See also Mass. G. Evid. note to § 1106, at 376 (2016) (evidentiary standards applicable in c. 209A proceedings also applicable in c. 258E proceedings).

Chapters 209A and 258E are particularly similar in their treatment of records following the issuance of an order, as well as after an order is vacated. Under both statues, once a judge issues an order, the order and supporting papers are transmitted to the appropriate law enforcement agency.[3] G. L. c. 209A, § 7, third par.; G. L. c. 258E, § 9, third par. The records of c. 209A orders are also transmitted to the commissioner of probation (commissioner) to be recorded in the Statewide domestic violence record keeping system (DVRS), created by

---

[3] According to Guideline 4:07 of the Guidelines (Sept. 2011), addressing service of c. 209A orders issued ex parte and their supporting papers, the phrase "appropriate law enforcement agency" means the "police department of the municipality wherein the defendant can be found." Vaccaro v. Vaccaro, 425 Mass. 153, 156 (1997).

St. 1992, c. 188, § 7.[4] G. L. c. 209A, § 7, third par. See

Vaccaro v. Vaccaro, 425 Mass. 153, 156-157 (1997). Similarly,

records of c. 258E orders are also transmitted to the

commissioner to be recorded in a Statewide registry. G. L.

c. 258E, § 9, second par.[5] Under both statues, once an order is

vacated, the court sends written notification to the appropriate

law enforcement agency directing it to destroy its records of

the vacated order. G. L. c. 209A, § 7, third par; G. L.

c. 258E, § 9, third par. However, there is no explicit

statutory authority regarding the expungement of records of

c. 209A or c. 258E orders from any Statewide registry maintained

by the commissioner. See Vaccaro, supra.

---

[4] "The DVRS is a registry of sorts, established by the commissioner . . . pursuant to a statutory directive originally enacted in 1992, [see St. 1992, c. 188, § 7,] and includes, among others, records of the issuance of and any violations of criminal or civil restraining or protective orders. . . . Records in the DVRS are available only to law enforcement and 'judges considering petitions or complaints' for restraining and protective orders." Commonwealth v. Dossantos, 472 Mass. 74, 77-78 (2015).

[5] General Laws c. 258E, § 9, second par., inserted by St. 2010, c. 23, provides: "Whenever the court orders that the defendant refrain from harassing the plaintiff or have no contact with the plaintiff . . . , the clerk or clerk-magistrate shall transmit: . . . to . . . the commissioner . . . information for filing in the court activity record information system or the statewide domestic violence recordkeeping system as provided in . . . chapter 188 of the acts of 1992 or in a recordkeeping system created by the commissioner . . . to record the issuance of, or violation of, prevention orders issued pursuant to this chapter . . . . The commissioner . . . may develop and implement a statewide harassment prevention order recordkeeping system."

2.  Standard for expungement.  In the case before us, the plaintiff's request to extend the c. 258E order was denied.  On the c. 258E order, the judge marked the box stating that the "Order has been terminated" and directing law enforcement to "destroy all records of such Order."  However, the defendant's subsequent motion to expunge all records of the c. 258E order, the allowance of which would have resulted in their deletion from the Statewide registry maintained by the commissioner, was denied by another judge.  In order to determine whether the judge erred in denying the motion to expunge, we must first determine under what circumstances expungement of the record of a c. 258E order is proper.

In the context of c. 209A orders, the Supreme Judicial Court held in Vaccaro, supra, that there is no statute that permits an order's record to be removed or expunged from the Statewide system, even if the order has been vacated.  That court explained:

> "The system is designed to promote the goal of preventing abuse as prescribed by a variety of statutes by providing a judge (and other authorized agencies) with complete information about a defendant. Such information 'can be essential to providing protection for the plaintiff.'  See Guidelines, commentary to Guideline 2:10.  Because all restraining and protective orders are listed, both active and inactive, a judge may be better able to identify situations in which the plaintiff 'may face a particularly heightened degree of danger.'  Id. at commentary to Guideline 3:05.  The power of expungement cannot be a necessary or inevitable implication of the statutory mandate to record such orders and make them available to

judges or other authorized agencies.  On the contrary, such a power would be inconsistent with the manifest purpose of G. L. c. 209A and other abuse prevention statutes." (Footnote omitted.)

Id. at 157-158.

Subsequently, in Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737 (2006), this court carved out a narrow exception in holding that a judge has an inherent authority to expunge the records of a c. 209A order "in the rare and limited circumstance that the judge has found through clear and convincing evidence that the order was obtained through fraud on the court."  This court reiterated that the practice of retaining a record of issued c. 209A orders in the DVRS is justified in order "to promote the good of preventing abuse . . . by providing a judge (and other authorized agencies) with complete information about a defendant."  Ibid., quoting from Vaccaro, 425 Mass. at 156.  However, that interest is not served if the order was obtained through fraud because "allowing the court to be manipulated by fraud poses a danger to its authority."  Adams, supra at 730.  Instead, "judges have the authority to fashion remedies that will protect the integrity of the courts, and that will discourage the public from attempting to use the courts to perpetuate fraudulent schemes."  Id. at 731.  Furthermore, in instances of fraud, "the judge's inherent

power to fashion an appropriate remedy is not vitiated by the statute's omission regarding expungement."  Id. at 734.

In Adams this court also illustrated the high standard the defendant must meet in order to show a fraud on the court has occurred.  "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense."  Id. at 729-730.  This court in Adams identified such fraud to include a party presenting to the court forged letters, fabricated e-mails, and a "calculated pattern" of false statements.  Id. at 730, and cases cited.  See MacDonald v. MacDonald, 407 Mass. 196, 202 (1990) (examples of fraud on the court include bribery of judges or the jury, employment of counsel to influence the court, and counsel's involvement in the perpetration of the fraud).  Cf. Wojcicki v. Caragher, 447 Mass. 200, 210-211 (2006) (holding that false testimony, alone, does not support finding of fraud on court without evidence of more "egregious conduct involving a corruption of the judicial process itself"); M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 341-342 (2016) (distinguishing "deliberate scheme . . . typically involving others in the court

system, combined with a larger pattern of harassment," which constitutes fraud on court, from mere "false allegation," which does not).

For the reasons cited in Adams, supra at 728-731, 735-737, we reach the same conclusion with respect to the standard for expungement of the records of c. 258E orders. That is, a judge has the inherent authority to expunge the record of a c. 258E order only "in the rare and limited circumstance that the judge has found through clear and convincing evidence that the order was obtained through fraud on the court." Id. at 737.

Here, we discern no error in the judge's determination that the defendant failed to make such a showing. In his motion to expunge, the defendant alleged the plaintiff committed a fraud on the court when she stated in her affidavit that the defendant had sent "harassing" e-mails to her, "attack[ing her]" and "mak[ing her] afraid." The defendant claimed that those statements falsely implied that he had sent harassing e-mails directly to the plaintiff. The defendant argues that, contrary to what the plaintiff claimed, he never sent any e-mails to the plaintiff directly and the content of the e-mails he had sent to other members of the organization could in no way be seen as threatening or harassing to the plaintiff.

While we acknowledge that the e-mails submitted by the plaintiff at the extension hearing were not addressed to the

plaintiff directly but to other members of the organization and subsequently forwarded to her, we can discern no error in the judge's finding that the plaintiff's earlier statements did not constitute fraud. There is nothing in the record to establish that the defendant's e-mails, which the plaintiff received and submitted to the court, were fabricated or otherwise false or that the plaintiff's affidavit or testimony was motivated by any deceptive scheme. See id. at 730. Furthermore, the fact that the plaintiff described the e-mails as "harassing" and attacking her and the organization, while the defendant claimed they were not, is merely expected, conflicting testimony interpreting the content of the e-mails. See Vaccaro, 425 Mass. at 154.

Accordingly, applying the reasoning from Adams, and the relevant cases cited therein, "we are satisfied that something considerably more systemic or egregious than what is shown here is required to constitute fraud on the court to outweigh the public interest in the commissioner's statutory mandate to maintain [c. 258E] records for use by the courts and other authorized agencies." M.C.D., supra at 344.

The defendant's alternative argument that the records should be expunged because there was insufficient legal or factual basis for the c. 258E order to have issued is without merit. Although the judge declined to extend the order at the contested hearing, that outcome does not entitle the defendant

to expungement.  See <u>Adams</u>, 65 Mass. App. Ct. at 737.  As explained herein, expungement shall be ordered only upon a clear and convincing showing of fraud on the court.  See <u>ibid</u>.

Accordingly, we discern no error in the judge's denial of the defendant's motion to expunge.  The order denying the motion to expunge the civil record of the harassment prevention order is affirmed.

<u>So ordered</u>.