NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1127

J.D.

vs.

M.K.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an abuse prevention order issued by a District Court judge following a two-party hearing.  See G. L. c. 209A, § 3.  We affirm.

Background.  The defendant is the plaintiff's stepfather and is separated from the plaintiff's mother.  The plaintiff resides with her mother, the defendant's son, and the plaintiff's two children.  The plaintiff's mother has guardianship of the plaintiff's daughter, and the plaintiff has custody of her son.

On March 19, 2025, the judge entered a temporary abuse prevention order (209A order), pursuant to G. L. c. 209A, § 4, ordering the defendant not to abuse or contact the plaintiff or

the plaintiff's children.  At the two-party extension hearing,

the defendant objected to the extension of the order, arguing

that the allegations were not true and that the order was sought

for retaliatory reasons.  The judge heard testimony from both

parties.  The defendant presented a text message between the

plaintiff and him, which was entered into evidence as an

exhibit.  The defendant offered to show the judge a guardianship

order.  After reviewing the paperwork, the judge stated that she

did not find it helpful because it was the petition and not the

Probate and Family Court order.  The defendant asked to submit

an additional piece of evidence, but the judge denied the

request on the grounds that she had "heard enough."  At the

conclusion of the hearing, the judge extended the abuse

prevention order for one year.[1]  This appeal followed.[2]

---

[1] Although the abuse prevention order has expired, the defendant's appeal is not moot because "abuse prevention orders may carry collateral consequences following their expiration." Allen v. Allen, 89 Mass. App. Ct. 403, 405 (2016).

[2] On April 1, 2025, the same day the defendant noticed his appeal, the defendant moved to modify or terminate the order on the grounds that the order was "based on false accusations . . . [and] should not affect [his] ability to see [his] son and granddaughter."  On April 8, 2025, the judge denied the defendant's motion.  A single justice exercised his authority to treat the defendant's April 1 notice of appeal as timely nunc pro tunc to the date of its filing, notwithstanding that it was ineffective under the former Mass. R. A. P. 4 (a) (3), as amended, 464 Mass. 1601 (2013), repealed 496 Mass. 1601 (2025). See J.D. vs. M.K., Mass. App. Ct., No. 25-J-602 (Sept. 12, 2025).  In light of that decision and the rules of appellate

2

Discussion.  We review the extension of an abuse prevention order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013).  We give deference to the credibility determinations of the judge who heard the parties' testimony and observed their demeanor.  Id.

Representing himself, the defendant first argues that the 209A order cannot cover a minor whom "the plaintiff does not have custody of."  However, the defendant has failed to cite any legal support for his contention.  The defendant's failure to present a proper appellate argument inhibits our review of this argument.[3]  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

We find unpersuasive the defendant's contention that the judge "improperly predicated her decision on personal bias based on the defendant's criminal history."  When reviewing an application for a 209A order, a judge "shall" review the

procedure effective at the time, the April 8 order on the defendant's motion to modify or terminate is not before us.

[3] While we recognize the inherent challenges in proceeding as a self-represented litigant, both parties represented by counsel and self-represented litigants are required to present materials necessary for appellate review.  See Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990) ("Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants").

Statewide domestic violence record keeping system (DVRS) to determine whether the defendant has "a criminal record involving domestic or other violence." G. L. c. 209A, § 7. The DVRS contains records of the issuance of and violations of restraining orders issued pursuant to G. L. c. 209A as well as the information contained in the court activity record information system, which includes the defendant's criminal history. See Commonwealth v. Dossantos, 472 Mass. 74, 77 & n.5 (2015). See also Vaccaro v. Vaccaro, 425 Mass. 153, 157 (1997) (Statewide domestic violence record keeping system, DVRS's predecessor, "is designed to promote the goal of preventing abuse as prescribed by a variety of statutes by providing a judge . . . with complete information about a defendant. Such information can be essential to providing protection for the plaintiff" [quotation and citation omitted]). Our review of the transcript hearing fails to demonstrate that the judge expressed any personal bias and we conclude that the judge properly considered the defendant's criminal record.[4]

---

[4] To the extent that the defendant's prior criminal convictions from more than ten years ago may have influenced the judge's assessment of his credibility, we also discern no abuse of discretion, notwithstanding G. L. c. 233, § 21. In G. L. c. 209A hearings, "the rules of evidence need not be followed, provided that there is fairness in what evidence is admitted and relied on." Frizado v. Frizado, 420 Mass. 592, 597-598 (1995).

4

The defendant claims that he was deprived of his constitutional right to due process and his statutory right to a hearing under G. L. c. 209A, § 4, because the judge extended the order "without fully hearing [his] defense and accepting [his] evidence." We are not persuaded. In G. L. c. 209A hearings, "certain minimum standards of fairness must be observed," including a defendant's right to be heard. Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 787 (2022), quoting S.T. v. E.M., 80 Mass. App. Ct. 423, 429 (2011). G. L. c. 209A, § 4 ("The court shall give the defendant an opportunity to be heard on the question of continuing the temporary order"). "A meaningful opportunity to be heard includes an opportunity to address the material and determinative allegations at the core of a party's claim or defense and to present evidence on the contested facts. This includes the defendant's right to testify, to present evidence, and to cross-examine the witnesses against" him (citations omitted). Idris I., 100 Mass. App. Ct. at 788. "While a judge surely may exclude irrelevant or inadmissible evidence, or even interrupt an argument or a witness examination that has become repetitious, [s]he should not terminate a hearing without ensuring that [s]he has heard all the relevant and admissible evidence once." Id. at 790, quoting S.T., 80 Mass. App. Ct. at 430-431.

5

Although the judge declined to allow the defendant's request "to submit one more piece of evidence," the record demonstrates that the judge afforded the defendant a meaningful opportunity to challenge the plaintiff's evidence and to present his defense.  Prior to the judge's termination of the hearing, the defendant's testimony spanned more than 125 lines across thirteen pages of the hearing transcript while the plaintiff's testimony spanned four pages.  Contrast Idris I., 100 Mass. App. Ct. at 788 (defendant's testimony "spanned twenty-one lines . . . of a twenty-five page transcript").  After the plaintiff testified, the judge asked the defendant, "Sir, what do you want to tell me?"  He went on to tell the judge about his relationship with the plaintiff and stated that she engaged in "retaliation" against him through litigation in the Probate and Family Court.  After the defendant denied the plaintiff's allegations, the judge asked him, "What else do you want to tell me?"  The defendant continued to refute the plaintiff's testimony.  After hearing additional testimony from the defendant, the judge invited the defendant to "talk to [her] about the relevance stuff."  The judge also permitted the defendant to submit in evidence a screenshot of a text message between the plaintiff and defendant, and she allowed the defendant to show her a petition for appointment of guardianship

of the plaintiff's daughter.  We conclude that the defendant had a meaningful opportunity to be heard.

Because the defendant has failed to identify or provide the evidence that he wished to submit at the hearing,[5] we cannot discern from the record whether that evidence was "relevant and admissible."  See Idris I., 100 Mass. App. Ct. at 790.  The defendant bears the burden of providing a record appendix that is adequate for appellate review.  See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  Accordingly, we are unable to determine whether the judge's denial of his request to present "one more piece of evidence" deprived him of a meaningful opportunity to be heard.[6]

The defendant also argues that the judge erred in extending the order where the evidence was insufficient to support a finding of abuse, that there was no evidence presented other than the plaintiff's affidavit, and that "the judge did not

---

[5] The "exhibits" included in the record appendix and referenced in the defendant's appellate brief were apparently submitted with the defendant's motion to modify or terminate the order.  As explained supra, the denial of that motion is not properly before us, and therefore these exhibits are not properly a part of the defendant's record appendix.

[6] The defendant's reliance on G. L. c. 263, § 5, is misplaced.  That statute governs the rights of a "person accused of [a] crime . . . at his trial."  Id.  It does not apply to 209A hearings.

7

ascertain the current state of affairs" at the time of the hearing. We disagree. To extend a 209A order, the plaintiff bears the burden to demonstrate by a preponderance of the evidence that an extension is necessary to protect her from the likelihood of abuse as defined in G. L. c. 209A, § 1. See Iamele v. Asselin, 444 Mass. 734, 739 (2005). A judge should determine whether the plaintiff has shown a reasonable fear of imminent serious physical harm. See id. at 737.

Here, the judge heard the plaintiff's testimony, which the judge implicitly credited,[7] that the incidents she described in her affidavit that took place in January and February 2025 -- that the defendant screamed at her, banged on her car, followed her, took her children out of the State without her permission, and threatened to have her children taken away from her -- were true. The plaintiff also testified that while she was living with the defendant as a minor, the defendant had been physically violent toward her and "put his hands on [her]." She testified that during that time the defendant had "thrown" her, grabbed her by her arms, "put [her] in a bear hug," and slapped her. Based on our review of the hearing, we conclude that the judge properly considered "the current state of affairs" at the time

---

[7] At the conclusion of the hearing, the judge stated that she found that the plaintiff had met her burden.

8

of the hearing and that the evidence was sufficient to warrant the extension of the 209A order.  We discern no abuse of discretion by the judge in her decision to extend the order.

Order extending G. L. c. 209A order, dated March 28, 2025, affirmed.

By the Court (Meade, D'Angelo & Tan, JJ.[8]),

*Paul Little*

Clerk

Entered:  June 26, 2026.

---

[8] The panelists are listed in order of seniority.