IDRIS I. vs. HAZEL H., 100 Mass. App. Ct. 784

 
 IDRIS I. vs. HAZEL H. [Note 1]

100 Mass. App. Ct. 784
 January 13, 2022 - March 25, 2022

Court Below: District Court, Cambridge Division
Present: Rubin, Wolohojian, & Blake, JJ.

 

Abuse Prevention. Protective Order. Due Process of Law, Abuse prevention. Witness, Cross-examination. Practice, Criminal, Waiver.

A District Court judge erred in extending a G. L. c. 209A abuse prevention order against the defendant, where the judge failed to provide the defendant with a meaningful opportunity to be heard, given that the judge, who had not heard from the defendant when the initial order was obtained on an ex parte basis, did not permit at the later hearing by video conference a detailed and guided direct examination of the defendant; and where the judge admittedly relied on evidence that the defendant did not see and thus was unable to challenge and also improperly limited cross-examination of the plaintiff; thus, finding that the defendant had preserved her claims of error, this court vacated the order and remanded the case for a further hearing before a different judge. [787-791]

COMPLAINT for protection from abuse filed in the Cambridge Division of the District Court Department on March 3, 2021. 

 A motion to extend a protective order was heard by Ina R. Howard-Hogan, J. 

 Caroline L. Jones, of the District of Columbia, for the defendant.

 Idris I., pro se, submitted a brief.

 BLAKE, J. Following a hearing conducted by video conference, a judge of the District Court extended, with certain modifications, a G. L. c. 209A abuse prevention order (c. 209A order) for one year. The defendant appeals, claiming that there was insufficient evidence to extend the order. She also claims that she was denied a meaningful opportunity to be heard because she was unable to challenge the plaintiff's evidence, to meaningfully cross-examine the plaintiff, or to testify. [Note 2] We agree that she was denied a meaningful 

 Page 785 

opportunity to be heard, and therefore we vacate the c. 209A order and remand the matter for a new hearing.

 Background. On March 3, 2021, the plaintiff applied for and was granted an ex parte c. 209A order against the defendant. The plaintiff alleged that, beginning in 2017, the defendant mentally, sexually, and physically abused him. He claimed that he had recently received a "series of strange and menacing messages on [his] work and personal numbers from numbers [he did] not know." At the ex parte hearing, the plaintiff said that his last contact with the defendant had been on January 12, 2021, which was fifty days before he applied for a c. 209A order. When asked by the judge "what took . . . so long [for him] to come in," the plaintiff responded that he was preparing an affidavit to give to his attorney. 

 On March 24, 2021, the day before the hearing after notice was scheduled to take place, the defendant's attorney sent the defendant's proposed exhibits to the court by e-mail. [Note 3] Due to the ongoing COVID-19 pandemic and the closure of certain courts, the hearing scheduled for March 25, 2021, was rescheduled. It was eventually held on April 8, 2021, by video conference. Both parties appeared with counsel. The hearing judge was not the same judge who had issued the ex parte c. 209A order. [Note 4]

 When the case was called, the judge first asked the plaintiff whether he wanted the c. 209A order extended. He said yes and asked for a permanent c. 209A order. The judge then asked the defendant if she opposed the extension and, if so, to explain why. The defendant's response was brief. She said that she opposed further extension of the c. 209A order because it had been issued based on an e-mail message that she sent to the plaintiff for "closure," and that it did not contain any threats. She denied all of the allegations in the plaintiff's affidavit. 

 The judge then asked the plaintiff "what [he] would . . . like to tell [the judge] in regards to . . . being in imminent fear of serious bodily harm from [the defendant]." The plaintiff said that the e-mail, which the defendant acknowledged sending, contained "a 

 Page 786 

coded or implied threat of stabbing," [Note 5] and that there was "evidence . . . on file with the [local] police." The judge asked whether the plaintiff was referring to certain documents that "were submitted to the [c]ourt." The defendant's attorney then interjected that she had not received any of the plaintiff's evidence, despite the fact that she provided her evidence "well in advance to the plaintiff." The judge did not address defense counsel's concern; rather, the judge asked the defendant if she sent the e-mail in question. As she had done earlier, the defendant acknowledged that she sent the e-mail. Thereafter the plaintiff's counsel was permitted to conduct a direct examination of the plaintiff. 

 The defendant's attorney then began her cross-examination of the plaintiff, but the judge did not permit her to complete it. For example, when the defendant's attorney asked the judge's permission to play voice mail messages in an apparent effort to impeach the plaintiff, the judge responded, "No, counsel. Next question." Shortly thereafter, the defendant's attorney explained to the judge that, at this point in the hearing, she would ordinarily approach the plaintiff with the exhibits to determine whether or not he sent them to the defendant. The judge interrupted and stated: 

 "Counsel -- counsel, hold on. Hold on. The [c]ourt is fully aware, the [c]ourt has all of the information that's been provided by both the plaintiff and the defendant. So the [c]ourt has that information, it's the [c]ourt that needs to look at this and make a determination if in fact the [c]ourt is going to issue[] this order. 

 "So I will tell you that the -- during this hearing, that I've [had] the opportunity to go through these documents as you're questioning [the plaintiff], and as your client was being questioned to see what was -- actually has been submitted, so I can digest that information. So that is there. If you want to make an argument at the end, that's fine, but the [c]ourt does have that information. That's fine." 

 Page 787 

 When the defendant's attorney then attempted to question the plaintiff about statements that he made to the defendant, the judge again interrupted. She said:

"Counsel -- counsel, hold on. Hold on. As I indicated, the [c]ourt has the documents. We're not going to go specifically through each of those incidents. I have the information that I've read. You've submitted that these are communications between your client and [the plaintiff], that's fine. We're not going through each and every line of these documents." 

The defendant's attorney then attempted to make an offer of proof. She said, in pertinent part, "[M]y concern is that if I don't bring [the statements] out in the hearing, that Your Honor might not see some of the extremely important texts and e-mails and threats that [the plaintiff] made to [the defendant] that - " Before she could finish her sentence, the judge interrupted and said, "[T]his is not your client asking for a restraining order." She added, "The [c]ourt gets it." As the defendant's attorney tried to continue her cross-examination of the plaintiff, the judge interrupted again and said: 

"[W]hat I'm going to do is have you and counsel for [the plaintiff] give your closing statements. The [c]ourt gets the relationship. The [c]ourt gets how tumultuous this relationship is. I get it. So I want to hear you both in closing as to what you would like this [c]ourt to consider." 

 Before starting her closing argument, the defendant's attorney addressed the judge and said, "Let me just -- I don't think the [c]ourt is going to indulge -- " Without even hearing in what way the defendant's attorney sought the court's indulgence, the judge said, "No. Go ahead, counsel." After completion of the closing arguments, the judge extended the c. 209A order for one year, with certain modifications. [Note 6] In so doing, the judge said that she had heard the testimony of both parties and arguments of counsel. She made no further findings.

 Discussion. We review the issuance of a c. 209A order for an abuse of discretion or other error of law. See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020). We begin by examining the scope and manner in which the hearing after notice was conducted.

 Page 788 

 Unquestionably, these hearings can be informal, but "certain minimum standards of fairness must be observed." S.T. v. E.M., 80 Mass. App. Ct. 423, 429 (2011). It is undisputed that a defendant -- in any case -- "has a right to notice and an opportunity to be heard." M.M. v. Doucette, 92 Mass. App. Ct. 32, 34 (2017). This principle applies with equal force in proceedings conducted pursuant to G. L. c. 209A. See id. See also Guidelines for Judicial Practice: Abuse Prevention Proceedings § 1:02 (Oct. 2021) (Guidelines). [Note 7]

 Here, the question is whether the defendant had a meaningful opportunity to be heard in the context of a G. L. c. 209A proceeding. [Note 8] A meaningful opportunity to be heard includes an opportunity to address the material and determinative allegations at the core of a party's claim or defense and to present evidence on the contested facts. See Highland Tap of Boston, Inc. v. Commissioner of Consumer Affairs & Licensing of Boston, 33 Mass. App. Ct. 559, 571 (1992). This includes the defendant's right to testify, to present evidence, and to cross-examine the witnesses against her. See Frizado v. Frizado, 420 Mass. 592, 597-598 (1995). 

 The defendant first claims that she was not permitted to testify. At the start of the hearing the judge asked whether the plaintiff wanted the c. 209A order extended, asked whether the defendant opposed the extension, and asked each party the reasons for their positions. Apart from stating her name, this was the sum total of the defendant's testimony: it spanned twenty-one lines (or about four-fifths of one page) of a twenty-five page transcript. On the other hand, the plaintiff's attorney conducted a detailed, guided direct examination of the plaintiff. That testimony included, among other things, the plaintiff's view of the parties' relationship, the reasons that he was in fear, and his claimed reports to law enforcement. By contrast, the judge did not permit the defendant's attorney to conduct a direct examination of the defendant, let alone a detailed and guided one. Indeed, the defendant was never permitted to testify at all, as the judge interrupted her attorney's cross-examination of the plaintiff and immediately directed the attorneys to present their closing arguments.

 Page 789 

 Unquestionably, "[w]ithout first hearing the evidence, a judge should not, over objection, vacate any provision of a c. 209A order once issued." Singh v. Capuano, 468 Mass. 328, 331 (2014). We see no reason why the same should not apply here: that is, a judge must first hear the evidence from both parties before extending a c. 209A order. See id. This is especially true where here, as in most G. L. c. 209A cases, the judge did not hear from the defendant when the initial order was obtained on an ex parte basis. For that reason, the judge erred by extending the c. 209A order without first hearing the defendant's testimony. Further, this error was not cured by allowing the defendant's attorney to argue on her behalf, as arguments of counsel are not a substitute for evidence or the defendant's right to testify. See C.O. v. M.M., 442 Mass. 648, 657 (2004). See also Commonwealth v. Delaney, 425 Mass. 587, 591 (1997), cert. denied, 522 U.S. 1058 (1998), quoting Matter of Kenney, 399 Mass. 431, 435 (1987) ("[t]he fundamental requisite of due process is an opportunity to be heard at a meaningful time and in a meaningful manner"). 

 The defendant next contends that the judge denied her a meaningful opportunity to challenge the plaintiff's evidence. In support of her claim, the defendant points to the fact that the judge had before her evidence that the defendant did not have, and had not seen. It was only once the plaintiff referred to certain exhibits in response to a question posed by the judge that the defendant's attorney even became aware of that evidence. She immediately brought it to the attention of the judge, but the judge did not respond. Instead, the judge allowed the plaintiff's attorney to continue his direct examination of the plaintiff. The judge also noted several times during the hearing that she was considering written evidence submitted by both parties; as a result, the judge admittedly relied on evidence that the defendant did not see, much less have an opportunity to challenge. 

 We recognize that discovery requests in a G. L. c. 209A proceeding are left to the judge's discretion. See Guidelines § 1:03. However, this is not a simple discovery issue. Rather, the judge here improperly considered evidence that the defendant had never seen, and thus was unable to challenge. See Frizado, 420 Mass. at 597-598 (in G. L. c. 209A proceedings, "the rules of evidence need not be followed, provided that there is fairness in what evidence is admitted and relied on"). And, while the defendant is not required to disprove the allegations against her, her ability to raise issues of fact was necessarily impeded here by the lack of

 Page 790 

 access to the defendant's evidence against her. See C.O., 442 Mass. at 656-657. See also Guidelines § 1:02(f) (each party must be given meaningful opportunity to challenge other party's evidence).

 The defendant also contends that the judge improperly limited her cross-examination of the plaintiff. Although the defendant's attorney began a cross-examination of the plaintiff, the judge sua sponte ended it and directed the attorneys to proceed to closing arguments. "While a judge surely may exclude irrelevant or inadmissible evidence, or even interrupt an argument or a witness examination that has become repetitious, [s]he should not terminate a hearing without ensuring that [s]he has heard all the relevant and admissible evidence once." S.T., 80 Mass. App. Ct. at 430-431. See Guidelines § 5:01. But a judge's "discretion is not unlimited and each side must be given a meaningful opportunity to challenge each other's evidence" (quotation and citation omitted). S.T., supra at 431. Here, there was no objection, and there was no suggestion that the cross-examination was designed to harass or intimidate the plaintiff, or that it had caused confusion or delay. The judge's reasoning for prematurely terminating the cross-examination -- that the "[c]ourt gets the relationship" -- and then directing the parties to proceed to closing arguments without permitting the defendant to testify was error. See C.O., 442 Mass. at 657. 

 Finally, we are not persuaded by the plaintiff's contention that the defendant did not preserve her claims of error for consideration on appeal. The hearing transcript reflects the efforts by the defendant's attorney to view the evidence that the plaintiff submitted to the judge but not to her, to conduct a comprehensive cross-examination of the plaintiff, and to permit the defendant to testify and present evidence. Illustrative of this point is the repeated but unsuccessful efforts by the defendant's attorney to make an offer of proof. Moreover, no specific words are required to preserve a claim of error. [Note 9] In the circumstances of this case, we deem the claims of error preserved. 

 In addition, although the defendant's objections could have been more fulsome, nothing in the transcript can be viewed as a tacit agreement to the manner in which the judge conducted the

 Page 791 

 hearing. Contrast Diaz v. Gomez, 82 Mass. App. Ct. 55, 63 (2012) (no due process issue where defendant actively participated in determining scope and manner of G. L. c. 209A proceeding). And while the lack of a further objection in a civil case may constitute waiver, see Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2002), that principle does not control in G. L. c. 209A cases because of the sui generis nature of the proceedings, see Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 773 n.9 (2005). [Note 10] Lastly, there are particular circumstances that will prompt us to consider questions of law that were neither pressed nor passed upon by the lower court, particularly where an injustice might otherwise result. See White v. White, 40 Mass. App. Ct. 132, 133 (1996). This is one such case for at least three reasons: (1) the defendant's due process rights are implicated, see C.O., 442 Mass. at 656-657; (2) a c. 209A order has significant collateral consequences, see S.T., 80 Mass. App. Ct. at 430 n.7; and (3) violation of a c. 209A order is a criminal offense, see G. L. c. 209A, § 7. 

 Conclusion. A defendant must be provided a meaningful opportunity to be heard in a G. L. c. 209A proceeding. See C.O., 442 Mass. at 657. As discussed in detail supra, that did not happen here. Accordingly, the c. 209A order must be vacated, and the case remanded for a further hearing. [Note 11] We do not mean to intimate how the matter should be decided after a full and fair hearing. We recognize that credibility determinations and an evaluation of the sufficiency of all the evidence are matters for the hearing judge to decide. See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006). However, under all of the circumstances, we think it better that the matter be heard before a different judge. [Note 12] 

So ordered. 

FOOTNOTES
[Note 1] The parties' names are pseudonyms. 

[Note 2] The plaintiff, a retired attorney, submitted a letter in lieu of a brief and did not appear for oral argument. 

[Note 3] The proposed exhibits included e-mail, text, and Facebook messages. 

[Note 4] The parties agree that the hearing judge did not turn on her camera during the video conference. The better practice would be for all parties, and the judge, to turn on their cameras during hearings conducted over video conference platforms. 

[Note 5] The plaintiff testified that the e-mail contained an "implied threat" because the defendant used red, italicized text to "indicate precisely where the defendant intended to stab [him]." We note that the copy of the e-mail in the record appendix is not in color. The defendant's attorney contends that the copy she received from the clerk's office was a black and white scan of the original. On its face, the e-mail was not threatening. 

[Note 6] The c. 209A order was modified to provide only that the defendant could not contact the plaintiff and that she turn in any firearms. 

[Note 7] We recognize that the Guidelines were revised in October 2021, after the hearing at issue in this case. However, the relevant provisions remain substantially similar such that it does not change our analysis. We therefore cite to the most recent version of the Guidelines. 

[Note 8] Notice to the defendant is not contested. 

[Note 9] We also note that any additional objections by the defendant's attorney would likely have been futile. See Commonwealth v. McDonagh, 480 Mass. 131, 140 n.9 (2018) ("A party need not continue to voice an objection once it is clear that doing so would be futile"). 

[Note 10] We note that G. L. c. 209A proceedings are "purely statutory and, thus, are not among the cases to which the Massachusetts Rules of Civil Procedure . . . apply." M.G. v. G.A., 94 Mass. App. Ct. 139, 145 (2018). 

[Note 11] Because we conclude that a remand is required, we do not address the defendant's sufficiency argument. 

[Note 12] The plaintiff's request for damages and costs is denied. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.