NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1234

S.C.

vs.

B.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (209A order), and from the denial of his motion for reconsideration. Concluding that the extension order was not supported by evidence that the defendant placed the plaintiff in reasonable fear of imminent serious physical harm, we reverse the denial of reconsideration and vacate the extension order.

Background.  We focus on the evidence before the judge at the April 8, 2021 hearing after notice, at which the judge reviewed the plaintiff's affidavit and the plaintiff and the defendant testified.

The plaintiff alleged that over the course of their eighteen-month dating relationship, the defendant was manipulative, emotionally abusive, and "coercive."  The

plaintiff explained that the defendant had a "pattern of lying"; "abused [her] sleep patterns" by keeping her awake or playing movies in the middle of the night; criticized her "constantly" then blamed her when they argued; and repeatedly resisted her attempts to break up with him.  After the plaintiff broke up with the defendant in January 2021, she "blocked his cell phone, work phone, and all of his social media," and asked him not to contact her.  However, the defendant subsequently sent an e-mail message to her, which the plaintiff found "distressing" because it indicated "he was not planning to respect [her] request for no contact."

On February 2, 2021, the defendant sent the plaintiff fifteen dollars via an online payment application, accompanied by a message that he was going to come to the plaintiff's apartment in Boston that evening and take her to New Hampshire for a few days, she should pack overnight clothes, and the money would pay for "snacks along the way."  Scared for her safety, the plaintiff telephoned the police, alerted her upstairs neighbors of the situation, went to a police station and filed an incident report, and did not return to the apartment that evening.  The defendant appeared at the plaintiff's apartment, waited outside for some time, and asked a neighbor if the plaintiff was at home.  That night, the defendant contacted the plaintiff's mother and asked if his and the plaintiff's

2

relationship was "really over," and then sent the plaintiff a very long and angry e-mail message, to which the plaintiff did not respond.

In mid-February, a detective called the defendant and instructed him not to contact the plaintiff.

On March 27, 2021, the plaintiff was visiting her parents in western Massachusetts for a religious holiday. The defendant sent a package to the plaintiff at the parents' home that contained items including a 113-page journal describing his feelings about the plaintiff and stating that his goal was to reconcile with her. The package upset the plaintiff and "ruined [her] holiday." As a result, the plaintiff was "very afraid of [the defendant] coming to find [her] . . . and of him doing things like sending things in the mail to upend [her] and make [her] fear for [her] safety."

Discussion. We review the extension of a 209A order "for an abuse of discretion or other error of law." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). The standard for extending a 209A order is the same as for the initial order: "the plaintiff will need to show a reasonable fear of imminent serious physical harm at the time that relief . . . is sought." MacDonald v. Caruso, 467 Mass. 382, 386 (2014), quoting Iamele v. Asselin, 444 Mass. 734, 735 (2005). To meet that standard,

3

the plaintiff was required to satisfy both a subjective and an objective standard:  that she was currently in fear of imminent serious physical harm, and that her fear was reasonable.  See Iamele, supra at 737; Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).  The plaintiff has the burden of proof by a preponderance of the evidence.  Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 552 (2023).

The defendant asserts that the extension of the 209A order was error because the plaintiff failed to establish facts to show that what she feared was physical harm that was imminent and serious, or that her fear was reasonable.  On this record, we agree.

The inquiry for issuance of a 209A order is whether the plaintiff's fear was of physical harm, and whether that fear was reasonable.  Carroll v. Kartell, 56 Mass. App. Ct. 83, 87 (2002).  "Generalized apprehension, nervousness, feeling aggravated or hassled, i.e., psychological distress . . ., when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm." Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998).

The plaintiff presented evidence that the defendant's persistent contacts after she had requested that he not contact her frightened her so much that she contacted the police and vacated her apartment.  However, on the record before us there

4

was no evidence that what she feared was physical harm that was imminent and serious, or that such a fear was reasonable.[1] The plaintiff did not allege either that the defendant had been violent with her in the past or that he had threatened violence against her. She offered evidence of emotional abuse and repeated unwanted contact. Although the plaintiff testified that she feared for her safety, she "identified no particular menacing language or gesture suggesting she was in imminent peril of physical force being used against her." Carroll, 56 Mass. App. Ct. at 86. The plaintiff certainly perceived the defendant's behavior as threatening, "and the judge undoubtedly acted out of an abundance of caution." Id. at 87. However, the statute sets a higher bar for the issuance of a 209A order.[2] See

---

[1] The judge did not ask the plaintiff whether the defendant's "past abusive behavior" went beyond the emotional harm she described, whether the defendant made threats in his angry February 2 e-mail message or in the 113-page journal he sent her on March 27, or what caused her concern for her physical safety. Nor did the judge make findings on the record regarding why the defendant's nonviolent, nonthreatening behavior nevertheless created reasonable fear of imminent serious physical harm for the plaintiff. Although neither inquiry of the plaintiff nor findings were required, a more fulsome record might have provided support for such a conclusion. See Smith v. Jones, 75 Mass. App. Ct. 540, 541-542 (2009) (evidence of defendant's thousands of telephone calls, thirty-eight voicemails, following her on vacation, and coming near her at trade show after restraining order issued sufficient for judge to conclude plaintiff in reasonable fear of physical harm).
[2] We take no position on whether the evidence would have been sufficient to support the issuance of a harassment prevention order pursuant to G. L. c. 258E, § 3, which requires proof of "[three] or more acts of willful and malicious conduct aimed at

5

id. (vacating 209A order where plaintiff alleged persistent and unsolicited efforts to contact her, learned of criminal charges against defendant, and repeatedly stated that defendant's behavior frightened her); Wooldridge, 45 Mass. App. Ct. at 642 (vacating 209A order where plaintiff alleged verbal harassment and abuse but not fear of imminent serious physical harm). On the record before us, we conclude the evidence was insufficient to meet the plaintiff's burden.

The defendant also claims defects in the way the judge conducted the hearing. After giving the defendant an opportunity to review the plaintiff's affidavit, the judge asked him to respond to it. See Guidelines for Judicial Practice: Abuse Prevention Proceedings § 5:01 (Oct. 2021) (Guidelines). The plaintiff then testified, after which the judge announced that the 209A order would be extended. The defendant asked for an opportunity to refute "some things that were said [by the plaintiff]," but the judge refused to hear him.[3] While we

_____

a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property," G. L. c. 258E, § 1. See J.C. v. J.H., 92 Mass. App. Ct. 224, 227-228 (2017) (three or more acts of repeated and escalating harassment after plaintiff repeatedly told defendant to leave her alone).

[3] The exchange was as follows:

THE COURT: "Okay. All right. I understand, and I have read your affidavit. I am going to -- I am going to issue the extension --"

6

caution that, at the very least, the judge's response does not appear to be consistent with best practices, because we resolve the defendant's claim substantively, we need not address his argument that he was denied a reasonable opportunity to be heard. See Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022) (defendant has right to opportunity to be heard at hearing on application for 209A order); Guidelines § 1:02 (same). We also need not address the judge's decision to deny the motion for reconsideration other than to say that the motion should have been allowed.

---

THE DEFENDANT: "Excuse me. Excuse me. I have -- I have other -- I have other stuff."

THE COURT: "No, it's -- there's enough in here, it's going to be extended for a year, and hopefully it won't be needed beyond that."

THE DEFENDANT: "Judge, I --"

THE COURT: "I am going to extend it for a year."

THE DEFENDANT: "Could I -- could I please have some --"

THE COURT: "No, I gave you the opportunity to speak, I gave her the opportunity to speak."

THE DEFENDANT: "Yes, but there are factual things that were -- that were -- that I'd like to refute."

THE COURT: "Sir, I have heard from both of you, and I have made my decision."

THE DEFENDANT: "May I -- may I please offer refutation of some things that were said?"

THE COURT: "No."

7

Accordingly, the order denying the motion for reconsideration is reversed.  The order dated April 8, 2021, extending the 209A order is vacated, and the case is remanded for entry of a notification and direction, conformably with G. L. c. 209A, § 7, third par., for the destruction of all records of the vacated order.

<u>So ordered</u>.

By the Court (Henry, Grant & Brennan, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  October 13, 2023.

---

[4] The panelists are listed in order of seniority.