NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-232
23-P-233

N.C.

vs.

A.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, A.B., appeals from orders entered on December 6, 2023, denying his motion to vacate two permanent abuse prevention orders. See G. L. c. 209A. The two orders concern the defendant's sisters, F.B. and L.B. (the sisters), and were obtained on the sisters' behalf by their uncle, N.C., who was appointed their guardian in 2017. The defendant advances several arguments in support of his claim that the motion should have been allowed. However, the defendant, who, as the appellant, has the responsibility of providing us with an adequate record,[1] failed to submit the transcripts necessary to decide the issues raised in his brief. He has also failed to

---

[1] See Mass. R. A. P. 18 (a), (b) (4), as appearing in 481 Mass. 1637 (2019) and in 491 Mass. 1603 (2023).

provide us with copies of motions, affidavits, and other court filings that are essential for review of the issues.  As we discuss below, given the inadequacy of the record, we are precluded from considering the merits of the defendant's arguments.  See Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).

Background.  The following facts and procedural history are gleaned from the docket entries and the parties' briefs.  N.C. filed ex parte applications for abuse prevention orders pursuant to G. L. c. 209A on February 11, 2022.  The ex parte orders were entered soon thereafter and, following a hearing at which the defendant did not appear, the orders were extended for one year. The defendant did not appeal.  Instead, on March 24, 2022 and March 28, 2022, he filed motions to vacate.  The motions were not acted upon because the defendant did not appear at the hearing.  The defendant then filed two additional motions to vacate; the first on September 29, 2022, and the second on October 31, 2022.  Following a hearing, at which the defendant was present, the motions were denied and, at the same time, the abuse prevention orders were made permanent.  Once again, the defendant did not appeal.  Rather, on November 15, 2022, he filed another motion to vacate, which was denied on November 29, 2022.  On the following day, the defendant filed yet another motion to vacate.  That motion was denied on December 6, 2022,

and orders entered on both dockets.  The defendant has appealed the December 6, 2022 orders.

The sisters are developmentally disabled adult individuals, who, along with their mother, were in the defendant's care for many years.  N.C. asserts that during that time both sisters were subjected to ongoing abuse and neglect.  One sister was hospitalized, and the mother died as a result of the defendant's conduct.  In 2016, the defendant was charged with multiple criminal offenses related to the abuse of his sisters and mother and a year later, in 2017, he was convicted of manslaughter in connection with his mother's death.  The defendant was incarcerated and released in August 2022.  Upon learning of the defendant's release, N.C., in his capacity as guardian, sought an abuse prevention order on behalf of each sister.

Discussion.  Relying on Idris I. v. Hazel H., 100 Mass. App. Ct. 784 (2022), the defendant's primary argument is that he was not afforded a meaningful opportunity to be heard in connection with the issuance of the abuse prevention orders or subsequent modifications.  He first claims that the judge did not "habe" him into court for the initial extension hearing despite knowing that he was incarcerated at the time.  Although the defendant was present at the hearing when the orders at issue were made permanent, he asserts that he was not permitted to introduce evidence or cross-examine witnesses.  He further

3

asserts that his attempts to obtain portions of the record were stymied by the court clerk who allegedly initially refused to provide him with copies of the dockets.  With regard to the absence of transcripts of the hearings, the defendant points to the failure of the court to provide them as he had requested. The defendant also suggests that the various judges improperly declined to consider relevant evidence and he implies that the ex parte applications contained false information.

Although it appears that the defendant did in fact request transcripts of the various hearings, it is not clear that he followed the proper procedure to obtain them[2] and, as noted, none have been included in the record before us.  Furthermore, neither the ex parte applications, affidavits, nor any other materials that N.C. may have presented in support of his requests for abuse prevention orders and for modifications are included in the appendix.[3]  In short, as a result of the defendant's utter failure to comply with the requirements of our appellate rules, see Mass. R. A. P. 18 (b) (4), as appearing in 481 Mass. 1637 (2019) ("it may be necessary for the party filing

---

[2] See Order a court proceeding transcript, https://www.mass.gov/how-to/order-a-court-proceeding-transcript.
[3] Aside from copies of the defendant's several motions to vacate and copies of the relevant orders themselves, most of the appendix seems to consist of materials related to an entirely different case in the Hampden Superior Court and various other proceedings therein.

the appendix to reproduce the entire transcript of the relevant lower court proceedings.  Failure to reproduce the entire transcript may result in waiver of the issue"), he has waived all issues raised in his appeal.  See Johnson v. Christ Apostle Church, Mt. Bethel, 96 Mass. App. Ct. 699, 701 n.4 (2019).

Orders entered December 6, 2022, denying motions to vacate affirmed.

By the Court (Vuono, Singh & Englander, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  November 15, 2023.

---

[4] The panelists are listed in order of seniority.