NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1260

H.M.

vs.

M.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (209A order), and from the denial of his motion for reconsideration. Concluding that the extension order was not supported by evidence that the defendant placed the plaintiff in reasonable fear of imminent serious physical harm, we vacate the extension order dated August 29, 2023.

Background. The plaintiff[1] dated the defendant for about two months in 2023 before deciding to end the relationship. The defendant's immediate response to the breakup caused the

_____

[1] The plaintiff did not file a brief or otherwise participate in the appeal, as is her right.

plaintiff to seek a 209A order against him on August 15, 2023. In an affidavit supporting her 209A complaint, the plaintiff described how she had received, in the three days prior to her application for the 209A order, over 200 phone calls (on her personal phone and at her place of employment) or text messages from the defendant.  In some of these calls or messages, the defendant reportedly called the victim names, threatened to hurt himself, and expressed his intention to appear uninvited at her or her parents' house.  The plaintiff described the defendant's contacts as "emotionally abusive."  A judge, after an ex parte hearing, issued a temporary 209A order that included a provision specifying no contact[2] with the plaintiff.[3]  The judge scheduled a two-party hearing for August 29.  On August 19, the police arrested the defendant for calling and sending text messages to the plaintiff in violation of the order's no-contact provision.

Both parties appeared at the two-party hearing; the plaintiff was pro se, while the defendant was represented by counsel.  During this hearing, the plaintiff, consistent with the contents of her affidavit, testified to the defendant's

---

[2] The no-contact order provided, in pertinent part:  "YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF in person, by telephone, in writing, electronically, or otherwise, . . . and to stay at least 100 yards from the Plaintiff."

[3] The police served the order on the defendant on August 17.

incessant telephone and text message contact that followed their breakup. However, in response to the judge's questions, she stated that the defendant had never harmed her or threatened to harm her physically. Rather, she described the defendant as "erratic," and said that he threatened to hurt himself and to show up uninvited to her house or to her parents' house.[4] Then, in response to the judge's direct question about whether the plaintiff was in fear of her personal safety, she answered "Yes. I just don't know what he's going to do."[5]

After the plaintiff finished addressing the court, the judge allowed the defendant's attorney to commence cross-examination. However, a short while after the questioning began, the judge interrupted counsel's examination and asked, "With an open charge of violating this order with [the plaintiff], why would I not continue this order to maintain the status quo while that [criminal] case takes its course through the system? Why wouldn't I do that?" Counsel responded, in pertinent part, by stating, "my client has never threated [the

---

[4] None of the text messages were introduced in evidence.

[5] Although the plaintiff stated that the defendant never previously threatened to physically harm her, she cited one incident, early in the relationship, where she was alarmed by how the defendant suddenly snatched her minor child out of her hands.

plaintiff] in any way.  He's never physically harmed her; he's never put her in any situation to be in fear of serious physical harm, which as the Court knows, is the standard under 209A." The judge replied, "But his conduct has been a bit erratic toward her since [the breakup].  Who calls somebody 200 times? Who calls someone's employment 15 times?"  The judge then extended the 209A order for six months.  The defendant filed a timely motion for reconsideration, which was denied by the judge.

Discussion.  We review the extension of a 209A order "for an abuse of discretion or other error of law."  Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013).

> "Under G. L. c. 209A, § 3, a person 'suffering from abuse' . . . may initiate an action 'requesting protection from such abuse' in the form of a court order requiring the defendant to refrain from abusing or contacting the victim, among other remedies.  'Abuse' is defined by the statute as 'the occurrence of one or more of the following acts between family or household members:  (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; [or] (c) causing another to engage involuntarily in sexual relations by force, threat or duress'" (citation omitted).[6]

---

[6] At the time the plaintiff applied for this order, the definition of abuse did not include "coercive control."  See G. L. c. 209A, § 1 (d), as amended by St. 2024, c. 118, § 4.  We note that our conclusion in this case would be the same if the definition of abuse had included coercive control when the plaintiff sought protection.

<u>Yahna Y</u>. v. <u>Sylvester S</u>., 97 Mass. App. Ct. 184, 186 (2020).  In determining whether the plaintiff has proved that the defendant's conduct caused her to fear "imminent serious physical harm" -- the only form of abuse at issue in this case -- the plaintiff must show both that she is currently in fear of imminent serious physical harm, and that her fear is reasonable.  <u>Id</u>.  We "look to the actions and words of the defendant in light of the attendant circumstances" to determine whether the plaintiff proved that her fear was reasonable.  <u>Vittone</u> v. <u>Clairmont</u>, 64 Mass. App. Ct. 479, 485-486 (2005), quoting <u>Commonwealth</u> v. <u>Gordon</u>, 407 Mass. 340, 349 (1990).

We agree with the defendant that the plaintiff did not meet her burden.  The plaintiff presented no evidence that the defendant ever threatened her, either directly or indirectly, with physical harm.  Instead, the plaintiff presented evidence of the defendant's persistent and unsolicited contact that understandably caused her distress.  To the extent the plaintiff subjectively feared imminent personal harm from the defendant's frequent contact, erratic behavior, and threats of self-harm, her fear was not reasonable absent any evidence that the defendant ever threatened her or had previously attempted to harm her.  See <u>Wooldridge</u> v. <u>Hickey</u>, 45 Mass. App. Ct. 637, 639 (1998) ("Generalized apprehension, nervousness, feeling

aggravated or hassled, i.e., psychological distress from vexing but nonphysical intercourse, when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm").  Similarly, while the plaintiff's past experience with the defendant grabbing her minor child out of her arms could have heightened her apprehension of the defendant, her subjective apprehension does not satisfy an objective standard of fear of imminent serious physical harm.  See Keene v. Gangi, 60 Mass. App. Ct. 667, 670 (2004) ("no matter how subjectively real [the plaintiff's] apprehension might have been, it was unsupported by objective evidence sufficient to show, as required by G. L. c. 209A, § 1, that she was 'in fear of imminent serious physical harm'").

Conclusion.  The extension order dated August 29, 2023, is vacated, and the case is remanded to the District Court for the entry of an order directing the appropriate law enforcement

6

agency to destroy all records of the vacated order in accordance with G. L. c. 209A, § 7, third par.[7]

                                    So ordered.

                                    By the Court (Ditkoff,
                                      Englander & Smyth, JJ.[8]),

                                    *Paul Little*

                                    Clerk


Entered:   February 21, 2025.

---

[7] While we note that the judge's decisions to extend the order before allowing counsel for the defendant a meaningful opportunity to cross-examine the plaintiff, and without inquiring whether the defendant was prepared to testify in opposition to the extension of the order, are inconsistent with best practices, we need not address the merits of the defendant's argument that he was denied a reasonable opportunity to be heard because the evidence at the hearing was inadequate to support a 209A order.  See Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022) (defendant has right to opportunity to be heard at hearing on application for 209A order); Massachusetts Trial Court, Guidelines for Judicial Practice: Abuse Prevention Proceedings § 1:02 (Oct. 2021) ("Each party must be given a meaningful opportunity to challenge the other party's evidence in any contested hearing").

[8] The panelists are listed in order of seniority.