NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1406

A.M.[1]

vs.

B.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from orders of a District Court judge, extending G. L. c. 209A abuse prevention orders, entered on August 30, 2024, on behalf of each of his two minor children, whom we will call Tom and Sally.  We affirm.

Background.  On July 20, 2020, a social worker with the Department of Children and Families (department) filed complaints pursuant to G. L. c. 209A, § 3, in the District Court against the defendant, B.G., on behalf of Tom and Sally, the defendant's two children in the department's custody.[2]  In

---

[1] On behalf of the minor children, Tom and Sally.  The children's names are pseudonyms.

[2] The children's mother died in 2021.

support of these complaints, the social worker submitted an affidavit describing an instance in which the children, while in the department's temporary custody and living with their maternal grandmother, were playing outside when the defendant drove by, stopped, and stared at them.  Tom ran inside, locked all the doors in the home, and defecated on himself several times throughout the rest of the day.  The affidavit also stated that the defendant was in a physical altercation with the children's mother that resulted in her hospitalization.  After the domestic violence incident, the defendant entered a detoxification program but left after two days.  Once out of the program, the defendant then stalked a family member with whom he believed the children's mother was staying.  A District Court judge granted an ex parte restraining order for each child, which included no-abuse, no-contact, and stay-away provisions. The orders were extended on August 5, 2020; August 17, 2020; September 1, 2020; August 31, 2021; and August 30, 2022.

At an extension hearing on August 30, 2023, counsel for the children filed an opposition to the defendant's motion to modify the c. 209A orders; it was supported by school reports about Tom's posttraumatic stress disorder (PTSD) and an affidavit from the children's therapist regarding past physical abuse.  Tom recalled the defendant removing Tom's clothes, putting him in the bathtub, and pouring water over him so that he couldn't

2

breathe.  The children's maternal grandmother also saw the defendant hit Tom.  Although Sally was ten months old when she last had contact with the defendant, she is often exposed to Tom's fear of physical abuse from the defendant.  Based on this evidence, the judge extended the orders until August 30, 2024.

On August 30, 2024, the judge who issued the original order as well as the first two extension orders conducted an extension hearing, at which all parties were represented by counsel.  Ten days prior to this extension hearing, the children's counsel filed a motion in limine to limit testimony from the defendant concerning violations of the abuse prevention order and an affidavit of the children's maternal aunt in support of extending the order.  The affidavit reported that Tom has a nightly routine of locking all the doors and windows to prevent the defendant from entering the home.  The affidavit further stated that upon the thought or mention of the defendant, Tom defecates on himself due to fear.

At the hearing, the judge asked whether the children were still in fear of serious physical and imminent bodily harm, to which both counsel for the children and the department answered in the affirmative.  The judge also asked whether there was physical abuse of the children, to which counsel for the children responded in the affirmative.  The defendant's counsel was then permitted to make representations concerning the

defendant's efforts to complete a substance abuse program, maintain sobriety, attend parenting classes, participate in classes geared towards aggression management with intimate partners and family members, attend anger management programs, and engage in therapy.

The defendant's counsel argued the defendant never physically abused the children nor did the children have any basis for a reasonable fear of imminent serious physical harm. Regarding Sally, defendant's counsel asserted that the plaintiffs had never alleged physical abuse of Sally. Further, defendant's counsel argued the defendant had not been in contact with Sally since she was ten months old, therefore, there was insufficient evidence to show that Sally endured prior physical abuse or had a reasonable fear of imminent serious physical harm. As to Tom, defendant's counsel contended that there was no evidence showing that prior physical abuse occurred nor any evidence that Tom had a reasonable fear of imminent serious physical harm. After the hearing, the judge extended each of the restraining orders for one year. This appeal followed.[3]

---

[3] The extension orders from which the defendant appeals were recently extended to August 27, 2027. The department raises the question of whether the extension of the orders renders this appeal moot, though it cites no case relevant in this procedural posture. Given that we have previously stated that an expired abuse prevention order is not considered moot due to the collateral consequences the entry of such an order may have on

4

Discussion. "We review the extension of a c. 209A order 'for an abuse of discretion or other error of law.'" Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024), quoting Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022). "[W]e will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts." Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 725 (2024), quoting Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).

1. Procedure. The defendant argues that the judge erred in extending the orders without observing formalities and without the necessary evidence. We disagree.

At the hearing, the judge reviewed the case file, including an affidavit from the children's aunt documenting Tom's ongoing fear of the defendant and certain behaviors reflecting that fear, and heard representations of counsel. The defendant's counsel made vigorous argument. He did not call any witnesses and did not object to the judge's procedure. We are not persuaded that the way the proceeding was conducted was improper or that it requires us to vacate the challenged orders. Indeed, the record establishes that the proceedings were fair and that

---

various future proceedings, see Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998), we pass over this question.

5

the defendant had a meaningful opportunity to be heard.  See

Frizado v. Frizado, 420 Mass. 592, 597-598 (1995); Idris I. v.

Hazel H., 100 Mass. App. Ct. 784, 788 (2022) (c. 209A

proceedings may be informal as long as they are fair).[4]  The

evidence was, as we discuss below, adequate to demonstrate the

children's entitlement to the extensions.

If the defendant wanted to call the aunt or anyone else to

testify about what was in the affidavit, the judge did not

preclude him from doing so; the defendant chose not to.

Further, the judge did not restrict the defendant's

presentation.  On the contrary, the judge explicitly asked,

"Counsel, what do you want to tell me?"  Defense counsel then

made representations as to the various rehabilitation programs

the defendant had completed and disputed the accuracy of the

allegations of abuse purported by the children.  However,

because the defense never sought to dispute the maternal aunt's

---

[4] The defendant's argument that Idris I. requires a formal evidentiary hearing in every matter is misplaced.  In Idris I., 100 Mass. App. Ct. at 788-790, the judge interrupted defendant's counsel during cross-examination, prematurely ended cross-examination without adequate reason, and considered evidence defendant's counsel had not yet previously seen.  The court in Idris I. found the extension of the c. 209A order was erroneous because the defendant was not permitted a meaningful opportunity to be heard in the proceeding.  See id. at 791.  In contrast, here, the judge allowed the defendant's counsel to fully argue her position, without interruption.  Additionally, the defendant received all of plaintiffs' evidence ten days prior to the extension hearing.

affidavit nor the motion in limine submitted by counsel for the children, "the judge was accordingly entitled to credit the plaintiff[s'] essentially undisputed evidence." Vittone v. Clairmont, 64 Mass. App. Ct. 479, 481 n.4 (2005) (no error in extending abuse prevention order when "[t]he defendant's attorney was present, did not object to proceeding without live testimony, did not cross-examine the plaintiff on her affidavit, and did not seek to put in evidence controverting either the affidavit or the representations of plaintiff's counsel"). We discern no unfairness here.

2. Sufficiency. The defendant also contends that the evidence provided was insufficient to support extension of an order as to each child. This argument is unavailing.

At an extension hearing for an abuse prevention order, the plaintiff must show "by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Iamele v. Asselin, 444 Mass. 734, 739 (2005).

For Tom, where the order was based on past physical abuse, see G. L. c. 209A, § 1 (a), "we have held that a plaintiff does not need to prove a reasonable fear of imminent future physical abuse to obtain relief." Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020). "Rather, when a plaintiff has suffered physical abuse, a judge may reasonably conclude that a

7

c. 209A order is necessary 'because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent.'" Id. at 187, quoting Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).

Here, the judge received unrebutted evidence that Tom remained fearful of the defendant based on past physical abuse.[5] The affidavit submitted by the children's maternal aunt revealed that Tom has reported fear of the defendant that causes Tom to become incontinent and has prompted him to undertake a nightly routine of locking all doors and windows in the home to ensure the defendant cannot enter. In fact, as another panel of this court recognized in an unpublished memorandum and order in the defendant's last appeal, it had been established at prior hearings that Tom has been subjected to physical abuse by the defendant. See A.M. v. B.G., 104 Mass. App. Ct. 1127 (2024). Therefore, the judge could "reasonably conclude that there is a continued need for the order" for Tom "because the damage

_____

[5] Where the judge did not note on the record the basis for his decision to extend the abuse prevention orders, we can infer from his statement "Just give me a minute to look at the paperwork, please" and other references to items in the record that he credited the plaintiffs' version of the evidence. See Ginsburg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006) (judge's questions and decision to grant c. 209A order made it clear that she credited plaintiff's testimony despite lack of oral or written findings).

resulting from that physical harm" continues to affect him. Callahan, 85 Mass. App. Ct. at 374.

As for Sally, the inquiry is whether she demonstrated a reasonable fear of "imminent serious physical harm." Id. at 339-340, quoting G. L. c. 209A, § 1 (b). Here, given the defendant's past abuse of Tom and the evidence of Sally's exposure to the manifestations of that abuse on Tom, the judge was warranted in finding that Sally had an objectively reasonable fear of serious bodily harm by the defendant. See Noelle N. v. Frasier F., 97 Mass. App. Ct 660, 665 (2020) (stating that person does not need to show specific incident of physical violence to receive c. 209A order; only fear of serious imminent harm that is objectively reasonable).

Considering the basis for the initial abuse prevention orders and the totality of the circumstances presented at the hearing, the judge properly exercised his discretion in extending the orders for a one-year period.[6] Despite the defendant's attendance at specific programs that addressed anger

---

[6] The defendant contends that the judge doubted his authority to enter the orders. We disagree. The transcript reveals only that the judge correctly notified the parties that a subsequent order from a Probate and Family Court judge may supersede a District Court order. G. L. c. 209A, § 3. See Commonwealth v. Dufresne, 489 Mass. 195, 199 (2022) ("[a]n order from the Probate and Family Court will supersede any contradictory provisions in the initial c. 209A order").

9

management, domestic violence, and substance use, the judge was not required to agree that the defendant no longer posed a risk to the children or that the children's fear was not reasonable. See Callahan, 85 Mass. App. Ct. at 374.

<div style="margin-left:50%">

Extension orders dated August 30, 2024, affirmed.

By the Court (Henry, Hand & Brennan, JJ.[7]),

*Paul Little*

Clerk

</div>

Entered:  December 8, 2025.

---

[7] The panelists are listed in order of seniority.