NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1085

D.S.

vs.

C.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a G. L. c. 209A abuse prevention order (209A order) issued following a hearing after notice in the District Court.  We are not persuaded that the way the judge conducted the hearing deprived the defendant of due process. However, because we are unable to determine whether the judge applied the correct standard when she issued the order, we vacate the order and remand the matter to the District Court.

Background.  The parties are the parents of a young child. On April 11, 2024, the plaintiff (the child's father) filed a complaint for protection from abuse, see G. L. c. 209A, § 3, supported by an affidavit averring that the defendant (the child's mother) had physically abused him in the child's

presence on May 27, 2021, December 7, 2023, and March 9, 2024, and stating that he was afraid for his own safety and that of the child. The plaintiff's request for an ex parte order was denied and the matter went forward as a two-party hearing after notice on May 2, 2024. Neither party was represented by counsel at the May 2 hearing; an interpreter appeared by video conference to assist the defendant. After taking evidence from both parties, the judge entered the 209A order in favor of the plaintiff. Although the docket reflects that the order issued "with a finding that there is a substantial likelihood of immediate danger of abuse," the judge did not make any other written findings; the judge's oral findings were limited to her statement to the parties that they "shouldn't be involved with each other anymore."

Discussion. 1. Due process. A defendant in a hearing conducted pursuant to G. L. c. 209A is entitled to due process including a meaningful opportunity to be heard. See M.M. v. Doucette, 92 Mass. App. Ct. 32, 34 (2017). The judge conducting the hearing must provide both parties "an opportunity to address the material and determinative allegations at the core of a party's claim or defense and to present evidence on the contested facts." Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022). After reviewing the audio recording of the two-party hearing, which reflects the judge's tone and timing in a

way that is not captured in the transcript of that hearing, we are not persuaded that the way the judge conducted the hearing deprived the defendant of these rights.

We do not agree that the judge's management of the evidentiary hearing deprived the defendant of an opportunity to present her evidence or to respond to the evidence the judge considered germane to the plaintiff's complaint under G. L. c. 209A.  Although the defendant opened her testimony by stating that "everything that [the plaintiff] just said is a lie," the defendant did not seek to cross-examine the plaintiff.  Instead, she focused on "clarify[ing] what happened" on May 27, 2021, when she admitted to having punched the plaintiff.  When the judge responded by saying, in essence, that she did not consider the 2021 incident significant support for the plaintiff's request for an order in 2024, the defendant did not object or tell the judge that she wished to provide any other testimony. Cf. Idris I., 100 Mass. App. Ct. at 790 (defense counsel made "repeated but unsuccessful efforts . . . to make an offer of proof").

The recording of the hearing likewise fails to support the defendant's contention that the judge treated the plaintiff more favorably than the defendant or that the judge penalized the defendant for her reliance on the translator.  The judge provided each party with an open-ended invitation to explain

3

their position, then asked more detailed questions focused on the considerations relevant to the judge's assessment of the merits of the plaintiff's complaint. Although the plaintiff opted to speak at greater length than the defendant did, the judge gave the parties fair and equal opportunities to be heard. Cf. C.O. v. M.M., 442 Mass. 648, 657-658 (2004) (vacating 209A order where "defendant was not given any opportunity to present or to cross-examine witnesses").

We are likewise unpersuaded that the defendant's statement that she was in fear of the plaintiff required the judge to consider whether to issue a 209A order sua sponte in favor of the defendant and against the plaintiff. There was no request for mutual restraining orders. Nor has the defendant persuaded us that the judge was required to make explicit findings about which party was "the real victim" and which "the primary aggressor."

We find no support in the record for the defendant's claim that the judge demonstrated "impatience and refus[ed] to listen to" the defendant's testimony based on the involvement of a remote interpreter. Whatever the judge's initial reservations about the practicality of the translator's appearance at the hearing by teleconference, the judge demonstrated patience with the process throughout the hearing. We discern no foundation for the defendant's contention that the judge "severely

4

truncated" the defendant's testimony "due to the [judge's] discomfort with the remote interpreter."  In short, the judge's management of the hearing did not infringe upon the defendant's due process rights.  Cf. C.O., 442 Mass. at 656.

2.  Basis for issuing the order.  A plaintiff is entitled to the issuance of a 209A order on a showing, by a preponderance of the evidence, that the plaintiff suffers from "abuse."  G. L. c. 209A, § 1, as amended through St. 1996, c. 450, § 232; Iamele v. Asselin, 444 Mass. 734, 736-737 (2005).  At the time of the hearing at issue in this case, that burden could be met by demonstrating that the plaintiff was currently in fear of imminent serious physical harm and that the fear was reasonable, see id. at 737, or that the plaintiff had suffered past physical abuse by the defendant and continued to suffer the ongoing effects of that physical harm.  See Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020); Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).  We review the issuance of a 209A order for an abuse of discretion or other error of law.  See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

Here, the plaintiff offered evidence which, if credited by the judge, would have supported the issuance of the challenged 209A order, based on the plaintiff's ongoing fear of imminent serious physical harm to himself and the parties' child.  See G. L. c. 209A, § 1.  The judge's findings after the hearing,

5

however, did not address those points.  After asking whether the parties were averring that they were "both in fear of each other" and receiving confirmation, the judge said only "you shouldn't be involved with each other anymore."  On the record before us, we cannot be confident that the judge issued the order because she credited the plaintiff's evidence and found that he was suffering from "abuse."  Absent that finding, the judge could not permissibly issue an order on the grounds that it was desirable for the parties to stay away from each other.  See Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998).  We must therefore vacate the order and remand the matter to the District Court for further proceedings.

Conclusion.  The May 2, 2024 order issued pursuant to G. L. c. 209A is vacated.  The case is remanded to the District Court for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Hand, Hodgens & Tan, JJ.[1]),

Clerk

Entered:  December 29, 2025.

---

[1] The panelists are listed in order of seniority.