NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-531

M.E.

vs.

A.E.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order under G. L. c. 209A (G. L. c. 209A order) continuing for one year an ex parte order entered in the Boston Municipal Court.  He argues that the judge erred by continuing the ex parte order without taking testimony from the plaintiff or allowing the defendant to cross-examine her, and instead relying solely on evidence presented in conjunction with a criminal matter pending against the defendant.  We agree and thus vacate the G. L. c. 209A order.

On December 9, 2024, the plaintiff filed a complaint for an abuse prevention order under G. L. c. 209A, accompanied by a detailed affidavit.  The ex parte order issued the same day, and a two-party hearing was scheduled for January 6, 2025.

On January 6, 2025, the defendant was in court for a hearing on a motion to suppress he filed in the criminal matter. At that hearing two Boston police officers testified about a domestic violence incident that occurred on July 13, 2024. In particular, the officers testified to the effect that, after the police arrived at the scene, they spoke to both the defendant and the victim (the plaintiff in this case) and then decided to arrest the defendant for assault and battery. Based on the officers' testimony, the judge denied the defendant's motion to suppress, rejecting his claim that the police subjected him to custodial interrogation without Miranda warnings.

The clerk then informed the judge that "[t]here is an active restraining order" and noted that "[t]he [d]efendant has not been served yet." Although the prosecutor indicated that the plaintiff was present by Zoom video conferencing "in case the Court would like to hear," and the clerk offered to "put up the Zoom," the judge did not take testimony from the plaintiff. The judge also expressly stated that he was not considering the plaintiff's affidavit. Instead, despite defense counsel's "object[ing] to an extension of the order without having an opportunity to cross-examine," the judge ruled that he was "issuing the order based on the testimony [he] heard this morning in the criminal case and that's it."

2

We agree with the defendant that this procedure denied him a meaningful opportunity to be heard, in violation of his statutory and constitutional due process rights.  General Laws c. 209A, § 4, provides that "[t]he court shall give the defendant an opportunity to be heard on the question of continuing the temporary order."  A defendant's right to be heard, under both the statute and principles of due process, encompasses the "general right to cross-examine witnesses against him."  C.O. v. M.M., 442 Mass. 648, 656 (2004), quoting Frizado v. Frizado, 420 Mass. 592, 597 (1995).  See Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022).  Furthermore, the burden is on the plaintiff in a G. L. c. 209A proceeding to "make a case for relief by a preponderance of the evidence." Frizado, supra.

Here, by continuing the order without taking testimony from the plaintiff, even though she was apparently prepared to testify by Zoom,[1] the judge failed to put the plaintiff to her burden of proof and deprived the defendant of his right to cross-examine her.  Although defense counsel expressly requested the opportunity to cross-examine, the judge denied that request

_____

[1] The docket reflects that the judge did "not give plaintiff permission to appear on [Z]oom."  This appears to contradict an order entered by a different judge at the ex parte hearing on December 9, 2024, which states, "plaintiff may appear via [Z]oom."

on the ground that he could issue the G. L. c. 209A order based solely on the officers' testimony at the motion to suppress hearing. That was error. "A defendant's right to present evidence at a G. L. c. 209A hearing is unrelated to his rights at a pending criminal proceeding. The right to be heard in one forum does not affect the right to be heard in another." C.O., 442 Mass. at 658. Thus, the hearing on the defendant's motion to suppress could not substitute for a hearing on the allegations of the G. L. c. 209A complaint. Simply put, the defendant was entitled to test the plaintiff's allegations through cross-examination, and he was not afforded that opportunity. See Idris I., 100 Mass. App. Ct. at 790 (judge erred by ending defendant's cross-examination of plaintiff and directing parties to proceed to closing arguments).[2]

The G. L. c. 209A order dated January 6, 2025, is vacated, and the matter is remanded for a new hearing. See Idris I., 100

---

[2] The procedure employed by the judge also did a disservice to the plaintiff, who was available to testify.

Mass. App. Ct. at 791.

So ordered.

By the Court (Shin, Walsh &
Allen, JJ.[3]),

*Paul Little*

Clerk

Entered: March 16, 2026.

---

[3] The panelists are listed in order of seniority.